IN THE
TENTH COURT OF APPEALS
 

No. 10-01-270-CV

     GERTIE MARLENE BROOKS
     AND SAM ROLAND BROOKS,
                                                                         Appellants
     v.

     FIRST ASSEMBLY OF GOD 
     CHURCH OF CLEBURNE,
                                                                         Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # C199900285
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      The majority has determined that what was filed as a no-evidence motion for summary
judgment is not because it referenced summary judgment evidence. They have determined that
it is a traditional motion for summary judgment. The majority thus reviews the motion under the
standard of review applicable to a traditional motion for summary judgment.
      No useful purpose would be served by me going through an analysis to determine the result
if this case was reviewed under the proper standard of review for a no-evidence motion for
summary judgment. For the reasons expressed in my dissenting opinion in Jacobo v. Binur, I
believe the majority has applied the wrong standard of review. Jacobo v. Binur, 70 S.W.3d 330,
339-44 (Tex. App.—Waco 2002, no pet. h.)(Gray, J. dissenting). Until the precedential value of
Jacobo is established I will continue to note my disagreement with the majority's method of
analysis of this type motion for summary judgment. Accordingly, I respectfully dissent.

                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed September 4, 2002
Publish



wooden
bridge with three three-foot culverts under County Road 309, the county had denied his cattle
access from his forty-acre tract of land on the west side of the road to his eighty-acre tract of land
on the east side of the road. Van Zandt sought damages for his loss of use of the eighty-acre tract
and for the greater expense in feeding his cattle because they had no reasonable access to the
eighty-acre tract. The county answered and filed a motion for summary judgment, which was
denied by the court in May 1989. On August 6, 1991, Van Zandt filed an amended petition,
arguing that the implied dedication of the road to the public did not extend to the existing use of
the passage under the bridge. His amended petition also added a cause of action for loss of water
available to his cattle as a result of the county's modification to the bridge.
      On January 7, 1993, the county filed a second motion for summary judgment arguing that,
as a matter of law, Van Zandt was not entitled to access under the bridge because the dedication
of the road to public use extended to as much of the surface or subsurface as was reasonably
necessary for the public right-of-way. The county's motion for summary judgment, however, did
not address the loss-of-water issue raised by Van Zandt's amended petition.
      On February 10, 1993, the court held a hearing on the county's second motion for summary
judgment. The court's order granting the motion disposed of all issues except Van Zandt's
allegation that the reduction in water flow caused by the bridge modification resulted in a loss of
water available to his cattle. A summary judgment that fails to dispose expressly of all parties and
issues in the pending suit is interlocutory and not appealable unless a severance of that phase of
the case is ordered by the trial court; in the absence of an order of severance, the party against
whom an interlocutory summary judgment has been rendered has his right of appeal when, and
not before, the partial summary judgment is merged in a final judgment disposing of all parties
and issues.



      Because Johnson County did not move for summary judgment on the loss-of-water cause of
action, the summary judgment disposes of only the loss-of-use and loss-of-access causes of action. 
The summary judgment is, therefore, interlocutory. As a result, we are without jurisdiction to
consider Van Zandt's points of error.



      The appeal is dismissed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Dismissed
Order issued and filed December 1, 1993
Do not publish